## FERDINAND CLARK *versus* DENNIS BRIGHAM.

If a party, in preparing for the trial of an action, fails to make an inquiry so obvious-
ly proper and necessary as what evidence will be requisite to make out his case,
his omission to produce such evidence will not be a good ground for a review or
new trial.

Thus, where the defendant supposed that the question whether he was liable to the
plaintiff at all, would first be tried and settled by the jury, and neglected to pro
duce evidence as to the amount of damages, thinking that if the verdict should be
found against him, the damages would be the subject of an after inquiry, his peti-
tion for a review was dissallowed.

  SHAW C. J. delivered the opinion of the Court.  This is  *April 1st.*
a petition for a review, in which the petitioner alleges that judg-
ment was rendered against him, at March term 1838, for a
larger sum than was due to Brigham.  The plaintiff in that ac-
tion, had sued the petitioner, who is a native American, but
who has resided many years in Havana, for one half the pro-
ceeds of a brig and of her earnings.  The suit was commenc-
ed in 1834 ; the petitioner was then here, and personal service
was made on him by arrest, on which he gave bail.  He re-
mained here for some time after the suit was brought, and
retained counsel to defend the suit.  It was tried at November
term 1836, some time in January or February, 1837, and was
argued and decided, on questions of law, at March term 1838.
The petitioner now alleges, and verifies his statement by affi-
davit, that he was ignorant of the rule, which required the
damages to be assessed on the trial.  He supposed that the
plaintiff's right to recover a part of the proceeds of the vessel
and her earnings, would first be tried and settled, and then the

inquiry of damages would take place, in which he would have an opportunity to bring forward proof of his disbursements, in set-off to the claim.　He further states, that although judgment was rendered in March last, he was not informed of the amount until October or November last.　He states that upon proper proof of his disbursements, it will appear that judgment was recovered for much too large a sum.

This petition is resisted, without examining the proofs in detail, of the disbursements, on the ground that the case does not show such accident or mistake, as to warrant the interference of the Court at this late date, after *scire facias* brought against the bail, and when the original plaintiff is entitled to a final judgment ; that even if it were true, that the petitioner was ignorant, it must have been an ignorance proceeding from gross carelessness and inattention ; that the evidence requisite for his defence was fully known to his counsel ; that evidence was repeatedly taken in Havana, of the petitioner's clerk, for the cause ; that some evidence of the disbursements was given on the trial ; and that after a trial so severely contested, so deliberately conducted, and so long protracted, it would be contrary to the dictates of justice to throw the cause entirely open again, which would be the effect of a review.　The cause having been tried in February, 1837, the verdict was then returned against the present petitioner, for the precise sum, being the value of the proceeds and earnings of the vessel, deducting disbursements and expenses.　He must then have known that judgment for that sum would be awarded against him, unless the exceptions in point of law should be allowed.　This verdict was returned more than a year before the exceptions were taken into consideration.　It is hardly possible to conceive that this result of the trial was not communicated to him, and if it was, it was his duty at once to make known the facts which he now relies upon as proof of accident and mistake in the amount.

The Court are of opinion, that even if the petitioner could show, that he has accounts of disbursements, which he could substantiate by proof, and which were not brought forward at the trial, it would furnish no sufficient ground, under the circumstances, for granting a review, because no such accident or mistake is shown, as ought to have happened to a man of ordina-

ry care and diligence. The petitioner was here and employed counsel for his defence. If he had inquired of him what evidence would be necessary to his defence, either on the merits, or on the question of damages, he must have been informed ; and the evidence consisting of documents in his own power, it could without difficulty have been furnished. Although residing in a foreign country, he was a native of our own, and spoke our language, and had no difficulty in making all necessary inquiries, and furnishing himself with all necessary information. The communication with Havana was easy and constant. If in preparing for the trial of his cause, he failed to make an inquiry so obviously proper and necessary, as what evidence would be necessary to his defence, the neglect must be attributed to gross carelessness. *Interest reipublicœ ut finis sit litium.* Applications for new trials, on the ground of newly discovered evidence, which this petition somewhat resembles, although allowable in suitable cases, are always considered with great caution, and never allowed, where the failure to discover and produce the evidence, can be traced to the negligence or default of the applicant.

*Petition dismissed.*

*Washburn,* for the petitioner.